(Pleito No. 197.—Fallado el 26 de Mayo de 1902.)

## Reyes contra Villamil.

Competencia promovida por requerimiento de inhibición entre los Juzgados de Manatí y Loiza.

Competencia de los juzgados municipales. Fuera de los casos de sumisión expresa ó tácita de las partes, y á falta de lugar donde deba cumplirse la obligación, no habiéndose reclamado entrega determinada, el Juzgado competente para conocer de los juicios donde se ejerciten acciones personales será el del domicilio del demandado.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y seis de Mayo de mil novecientos dos, en la competencia pendiente ante Nos, promovida por requerimiento de inhibición del Juzgado Municipal de Manatí al de igual clase de Loiza, en el conocimiento de una demanda de juicio verbal formulada por Don Felipe Reyes, en concepto de apoderado de Don Simón Reyes, vecino del último pueblo citado, contra Don José Villamil, vecino de Manatí y socio de la sociedad M. Villamil y Cª, allí establecida, en reclamación de dos caballos; habiendo comparecido únicamente ante este Tribunal Supremo la representación de la parte demandante. —Resultando: Que con fecha dos de Julio del año próximo pasado Don Simón Reyes, representado por Don Felipe del mismo apellido, formuló demanda de juicio verbal ante el Juzgado Municipal de Loiza contra Don José Villamil, vecino de Manatí y socio de la sociedad M. Villamil y Cª, allí establecida, para que se le obligase, si resultaba probada la acción establecida, á restituir al demandante en el barrio de Cubuy, de Loiza, donde tiene su domicilio, dos caballos, uno zaino y otro bayo encerado, que por orden del Juzgado Municipal de Manatí fueron ocupados y remitidos á ese pueblo en once de Mayo anterior, por haber declarado y afirmado el demandado ante el referido Juzgado que eran de su propiedad tales caballos, los cuales en la fecha de la demanda

aun no habían parecido; reservándose el derecho de reclamar, al ampliar la demanda, un dollar diario por cada caballo, desde que fueron ocupados hasta que se verifique su restitución, y además los gastos indispensables para obtenerla, cuya cuenta presentaría oportunamente.—Resultando: Que librado el oportuno exhorto al Juzgado de Manatí para la citación de Don José Villamil, solicitó éste requiriera de inhibición al de Loiza, alegando, entre otras cosas, que el domicilio legal de los comerciantes es el pueblo donde tienen establecido el centro de sus operaciones mercantiles; por cuyo fundamento, estimándose competente el referido Juzgado para conocer de la demanda interpuesta, acordó por auto de trece de Julio el requerimiento solicitado, sin citar texto legal alguno en apoyo de tal resolución.—Resultando: Que al recibirse por el Juzgado Municipal de Loiza el oficio inhibitorio del de Manatí, con el testimonio que la ley previene, ya había comenzado ante aquél la celebración del juicio, el cual estaba pendiente de la práctica de pruebas; habiendo modificado el actor su demanda en el sentido de que como los caballos que reclamaba, según noticias adquiridas, al ser devueltos de Manatí, fallecieron á su llegada, no exigía la restitución de los mismos por ser imposible, y sí ochenta dollars como valor de ellos, con un dollar diario más por cada caballo durante el tiempo que estuvieron fuera de su poder, y las costas del juicio.—Resultando: Que Don Simón Reyes impugnó la inhibición, ya porque Loiza es el pueblo de su domicilio, en cuya jurisdicción se cometió el hecho que motiva la reclamación, ya porque el demandado se ha sometido tácitamente al Juzgado Municipal del indicado pueblo, cuyo Juzgado se negó á inhibirse después de haber oído á su Fiscal Municipal.—Resultando: Que el Juzgado de Manatí insistió en el requerimiento, como así lo comunicó al de Loiza, habiendo venido las respectivas actuaciones á este Supremo Tribunal, en el que el Ministerio Fiscal, invocando la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, el artículo 1,171 del Código Civil, y la

sentencia del Tribunal Supremo de España, de quince de Febrero de mil ochocientos noventa y ocho, estima que debe resolverse la competencia á favor del Juez Municipal de Manatí.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que según la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, fuera de los casos de sumisión expresa ó tácita de las partes, es Juez competente para conocer de los juicios en que se ejerciten acciones personales el del lugar en que deba cumplirse la obligación, y á falta de éste, á elección del demandante, el del domicilio del lugar del contrato, si hallándose en él pudiera ser emplazado; debiendo cumplirse las obligaciones según el artículo 1,171 del Código Civil, en el punto convenido por las partes, y no expresándose, en el domicilio del deudor, á menos que se trate de la entrega de cosa determinada.—Considerando: Que la acción ejercitada por el demandante es personal, que el demandado no se ha sometido expresa ni tácitamente al Juzgado Municipal de Loiza, que no consta la existencia de obligación alguna contraída con expresión del lugar en que deba cumplirse, y que tampoco se reclama la entrega de cosa determinada; por todo lo cual es visto que la presente contienda de competencia debe resolverse en favor del Juzgado Municipal de Manatí, donde tiene su domicilio el demandado, con arreglo á los textos legales anteriormente citados.—Fallamos: Que debemos declarar y declaramos que el conocimiento de la demanda de que se trata corresponde al Juzgado Municipal de Manatí, al que se remitan todas las actuaciones para que proceda con arreglo á derecho; comuníquese esta resolución al Juzgado Municipal de Loiza, siendo las costas de la competencia de cuenta respectiva de las partes; y según lo solicitado por el Fiscal en su escrito de tres de Febrero último, dése conocimiento al Hon. Attorney General de la falta ó desaparición del escrito original, proponiendo la cuestión de competencia y auto recayente del Juzgado de Manatí, remitiéndole testimonio de todo lo actuado en su busca..—Así

por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y seis de Mayo de mil novecientos dos.— Antonio F. Castro, *Secretario.*